IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HAYWARD M. EVANS, | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 21-925-LPS |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, et. al., | : | |
| Respondents. | : | |

---

**MEMORANDUM**

## I. BACKGROUND

In March 2003, a Delaware Superior Court jury convicted Petitioner Hayward M. Evans ("Petitioner") of one count of first degree murder, two counts of attempted first degree murder, and three counts of possession of a deadly weapon during the commission of a felony. The Superior Court sentenced him to life imprisonment. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence on August 3, 2004. *See Evans v. State*, 854 A.2d 1158 (Table), 2004 WL 1790191 (Del. Aug. 3, 2004).

Petitioner filed a motion for a new trial on December 5, 2006, which the Superior Court denied on January 25, 2007 as untimely. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment. *See Evans v. State*, 950 A.2d 658 (Table), 2008 WL 2332950, at *1 (Del. June 9, 2008).

In 2008, Petitioner filed his first habeas petition in this Court, asserting four juror misconduct claims. (*See Evans v. Phelps*, Civ. A. No. 08-576-GMS D.I. 1) The Honorable Gregory M. Sleet denied the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244. *See Evans v. Phelps*, 2011 WL 781040, at *4 (D. Del. Feb. 28, 2011). The Third Circuit denied

Petitioner's request for a certificate of appealability "for essentially the reasons explained" in Judge Sleet's Opinion. (*See* D.I. 25 in *Evans*, Civ. A. No. 08-576-GMS)

Thereafter, in October 2015, Petitioner filed in the Delaware Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61, which the Superior Court dismissed as untimely. *See State v. Evans*, 2015 WL 6437721, at *3 (Del. Oct. 20, 2015). Petitioner appealed that decision, but the Delaware Supreme Court dismissed the appeal as untimely. *See Evans v. State*, 133 A.3d 557 (Table), 2016 WL 690628, at *1 (Del. Feb. 19, 2016).

On June 28, 2021, Petitioner filed the habeas Petition ("Petition") pending before the Court. The Petition asserts the following three grounds for relief: (1) Petitioner is actually innocent and the trial court violated his due process rights by ignoring certain favorable evidence; (2) Petitioner's sentence to life imprisonment constitutes cruel and unusual punishment under the Eighth Amendment; and (3) there was insufficient evidence to sustain Petitioner's conviction because there were no DNA samples and no weapon linking him to the shooting. (D.I. 1 at 6-8) Petitioner seeks "reversal of his conviction, immediate release, and ten million dollars in damages for emotional distress." (D.I. 1 at 8) Petitioner has also filed a Motion Seeking Next Friend Standing for Krystle Gardner-Blackwell to enable her to "represent" in this proceeding. (D.I. 4)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A). "When a second or successive habeas petition is erroneously filed in the district court, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128,139 (3d Cir. 2002). A habeas application is

classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

A preliminary review of the instant Petition reveals that it constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244. First, the instant Petition challenges the same 2003 convictions for first degree murder, attempted first degree murder, and possession of a deadly weapon during the commission of a felony that Petitioner challenged in his first habeas petition. Second, the dismissal of Petitioner's first petition as time-barred constitutes an adjudication on the merits. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b)."); *Thomas v. Pierce*, 2017 WL 359165, at *1 (D. Del. Jan. 23, 2017) (noting that dismissal of first habeas petition as time-barred "constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications"). Finally, Petitioner could have asserted the instant three grounds for relief in his first federal habeas petition.

The Court acknowledges that Petitioner has provided an affidavit from Dania Cannon, one of the shooting victims, that is signed, notarized, and dated December 26, 2019, wherein she states that Petitioner was not the shooter. (D.I. 1-1) The following background information is useful for putting Ms. Cannon's statement in context. During several police interviews following the shooting,

Ms. Cannon identified another individual – Kinyock Matthews – as the shooter. *See State v. Evans*, 2015 WL 6437721, at *1-2 (Del. Super. Ct. Oct. 20, 2015). Although she did not testify at Petitioner's trial, two of her police statements were admitted as evidence under the excited utterance exception to the hearsay rule. *See id.* at *2. In her December 2019 affidavit, Ms. Cannon asserts that she told the investigators that Petitioner was not the shooter, but they ignored her and actually threatened to charge her with a crime if she did not cooperate with their theory that Petitioner was the shooter. (D.I. 1-1 at 2) She states that she did not testify at Petitioner's trial because she was afraid, but she now regrets not coming forward with the truth that Petitioner was not the shooter. (D.I. 1-1 at 2-3)

The Court views Petitioner's inclusion of Ms. Cannon's affidavit as an attempt to demonstrate that he has newly-discovered evidence of his actual innocence sufficient to avoid the second or successive bar. That inquiry and determination, however, is for the Third Circuit to undertake, not this Court.

Since Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the pending Petition, the Court concludes that it lacks jurisdiction to consider the instant unauthorized second or successive habeas Petition. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C.

§ 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive habeas Petition for lack of jurisdiction,[1] and will dismiss as moot the pending Motion Seeking Next Friend Status for Krystle Gardner-Blackwell. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant habeas Petition for lack of jurisdiction, and dismiss as moot the Motion for Next Friend Status. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

March 28, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

[1]Additionally, to the extent Petitioner seeks monetary damages, such relief is not available on federal habeas review. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004).